**Jean PFEIFER, Plaintiff and Respondent,**

v.

**Merle BARTHOLOMAY, Defendant and Appellant.**

No. 7580.

Supreme Court of North Dakota.

April 20, 1956.

Lanier, Lanier & Knox, Fargo, for defendant and appellant.

Quentin Burdick, Fargo, for plaintiff and respondent.

MORRIS, Judge.

This is an action for the conversion of fifteen items of household and lawn furniture and equipment of the total alleged value of $168. The case was tried to the court without a jury and the court found that the defendant converted some of the items, the value of which was $44. Judgment was rendered accordingly and the defendant appeals and demands a trial de novo.

The plaintiff employed the defendant to move some of her household goods and other items of personal property from one residence to another in the city of Fargo. The plaintiff gave the defendant a check for $20 on December 29, 1952, and it ap-

pears that she turned the property over to the defendant shortly thereafter. On January 23, 1953, she gave him another check for $24.50. Three dollars of this sum was for repairing a chair and the balance was what she owed him for moving. There is much confusion and conflict in the evidence produced by both sides but it appears fairly clear that the plaintiff did turn over to the defendant the items she claims were converted. She contends that he was to deliver all of them to her residence on Seventh Avenue. He contends that the property was in two lots or piles, one of which was to be hauled to the dump ground as junk and the other was to be taken to the Seventh Avenue house. Among the items the defendant says were taken to the dump ground was an old walnut dresser that he claims fell apart. Plaintiff claims it was an antique worth $50. The defendant contends that he delivered most of her property first by taking it to his own shop and later putting it in her garage adjacent to the Seventh Avenue house. She testified that he never delivered any of the items. The evidence adduced at the trial clearly shows that both parties are at least partly mistaken. Two of the items which the defendant had taken to his woodworking shop were at "Andy Gump's place" at the time of trial where the defendant said the plaintiff could get them on request.

 By agreement of the parties the trial court went to the plaintiff's garage and examined the contents. There he found four of the items intact. With respect to a fifth item of three French doors, the court found two of them. They had been damaged by fire. The defendant had testified that some of the items had been burned by a fire in his shop. Of the unaccounted for items the court disregarded two as being of trivial value. For the French doors he allowed damages in the sum of $8. For five other unaccounted for items he allowed $36, which was considerably less than the values fixed by the plaintiff. The court presumably accepted the defendant's testimony that the walnut dresser was junk as he allowed nothing for it. He allowed nothing for the two

items at Andy Gump's place because they were available to the plaintiff. With respect to the items for which the court awarded judgment the evidence clearly shows that they were turned over to the possession of the defendant for the purpose of moving them to plaintiff's Seventh Avenue residence. He failed to account for them or to deliver them to plaintiff on demand. He is liable for the value thereof and the value fixed by the court appears to be fair and reasonable.

The judgment is affirmed.

BURKE, C. J., and SATHRE, JOHNSON and GRIMSON, JJ., concur.